```
            UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF FLORIDA
                   TAMPA DIVISION
```

JOE HAND PROMOTIONS, INC.,

    Plaintiff,

v.                                Case No. 8:12-cv-2682-T-33TGW

JAC-SAM, INC., JACQUELINE
AYYUB, ELIE I. AYYUB, JACQUES
E. AYYUB, and NADA E. AYYUB,

    Defendants.
_____/

**ORDER**

This cause comes before the Court in consideration of Plaintiff's Motion to Strike Defendants' Affirmative Defenses (Doc. # 18), filed on January 25, 2013. Defendants failed to file a response in opposition to the motion, and the time for Defendants to do so has expired. For the reasons that follow, the Court grants the motion.

**I.  Background**

Prior to August 28, 2010, Plaintiff Joe Hand Promotions, Inc. entered into a contract that "granted [Joe Hand] the right to distribute the UFC 118: Edgar v. Penn 2 Broadcast . . . via closed circuit television and via encrypted satellite signal."  (Doc. # 1 at ¶ 17).  In accordance with that contract, Joe Hand "entered into

subsequent agreements with various entities of the State of Florida, allowing them to publicly exhibit the Broadcast to their patrons." Id. at ¶ 18.

Joe Hand alleges that Defendants "unlawfully intercepted, received and/or de-scrambled [the] satellite signal and [exhibited] the Broadcast . . . for purposes of direct or indirect commercial advantage or private financial gain," and that Defendants did so "with full knowledge that the Broadcast was not to be received and exhibited by entities unauthorized to do so." Id. at ¶ 20.

Accordingly, Joe Hand filed the instant action on November 27, 2012. Joe Hand asserts that Defendants' conduct violates 47 U.S.C. § 605 (Count I) and 47 U.S.C. § 553 (Count II), and additionally seeks damages for conversion (Count III). Id. at 11.

On January 7, 2013, Defendants filed an Answer and Affirmative Defenses and Request for Jury Trial. (Doc. # 9). This filing lists twelve affirmative defenses. Id. On January 25, 2013, Joe Hand filed a Motion to Strike Defendants' Affirmative Defenses in accordance with Rule 12(f) of the Federal Rules of Civil Procedure. (Doc. # 18). Defendants have not filed a response to the motion, and the appropriate time to do so has expired.

2

## II. <u>Legal Standard</u>

Affirmative defenses are subject to the general pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Rule 8(b)(1)(A) requires a party to "state in short and plain terms its defenses to each claim asserted against it[.]" Affirmative defenses are also evaluated against the touchstone of Rule 12(f) of the Federal Rules of Civil Procedure, which provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Although the Court has broad discretion in ruling on a motion to strike, such motions are disfavored due to their "drastic nature." <u>Royal Ins. Co. of Am. v. M/Y Anastasia</u>, No. 95-cv-60498/RV, 1997 U.S. Dist. LEXIS 15595, at *10 (N.D. Fla. Jan. 30, 1997). Further, as stated in <u>Florida Software Systems v. Columbia/HCA Healthcare Corp.</u>, No. 8:97-cv-2866-T-17B, 1999 U.S. Dist. LEXIS 15294, at *4 (M.D. Fla. Sept. 16, 1999), "An affirmative defense will be held insufficient as a matter of law only if it appears that the Defendant cannot succeed under any set of facts which it could prove."

In addition, courts may strike a defense if it has "no possible relation to the controversy, may confuse the

3

issues, or may cause prejudice to one of the parties." Ayers v. Consol. Constr. Servs. of SW Fla., Inc., No. 2:07-cv-123, 2007 U.S. Dist. LEXIS 86596, at *2 (M.D. Fla. Nov. 26, 2007). "To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is sufficient and may survive a motion to strike." Fla. Software Sys., 1999 U.S. Dist. LEXIS 15294, at *4.

### III. Discussion

Applying the standard articulated in Rule 12(f), and considering Joe Hand's Motion to Strike as an unopposed Motion, the Court determines that the Motion is due to be granted. Below, the Court provides a brief summary of Defendants' enumerated "affirmative defenses," as well as Joe Hand's argument for striking each defense.

The first affirmative defense asserted by Defendants provides that "JAC-SAM, INC., is an active corporation registered with and authorized to conduct business within the State of Florida. The corporate structure shields its Officers and Directors from individual liability. Consequently, none of the individual Defendants affiliated with the corporation can be held individually liable." (Doc. # 9 at 3-4). Joe Hand argues that "pointing out alleged defects in Plaintiff's prima facie case is not an

4

affirmative defense," and "even if this were a valid defense per se, it is nothing more than a bare bones conclusory allegation and thus should be stricken for failure to provide fair notice." (Doc. # 18 at 5). Furthermore, Joe Hand argues that this defense "is clearly invalid as a matter of law. To hold Defendants liable in their individual capacit[ies], . . . Plaintiff must show only that Defendants had a right and ability to supervise the infringing activities, and that [they] had a strong financial interest in such activities." Id. at 6 (internal quotations and citations omitted).

As their second affirmative defense, Defendants assert that "neither JAC-SAM, INC., nor any of its officers, agents, directors, or owners . . . ever intercepted, received, descrambled or displayed any satellite or cable signals, including that of the Plaintiff's boxing programming." (Doc. # 9 at 4). In the Motion to Strike, Joe Hand argues that "this affirmative defense should be stricken for its redundancy. Defendants have already repeatedly made the denial in their Answer[.]" (Doc. # 18 at 6).

Third, Defendants assert that "neither Defendant JAC-SAM, INC., nor any of its officers, agents, directors, or

5

owners . . . has ever had [a] cable television receiver, satellite television receiver, or any other television equipment installed at JAC-SAM['s] business location which would allow the Defendants to intercept, receive, or descramble and display . . . the Plaintiff's boxing programming." (Doc. # 9 at 4). Joe Hand argues that this affirmative defense, like the second, "is not an affirmative defense but a mere denial that is masked as an affirmative defense. Additionally, Defendants have already denied intercepting Plaintiff's program numerous times in [the] Answer." (Doc. # 18 at 7). Joe Hand also argues that this defense should be stricken as immaterial because "Title 47 U.S.C. § 553 and § 605 are strict liability statutes." Id.

As a fourth affirmative defense, Defendants assert that "Count II of Plaintiff's claim is barred in that the broadcast signal in question came from satellite transmission and not from a cable signal and, therefore, it fails to state a cause of action pursuant to 47 U.S.C. § 553." (Doc. # 9 at 4). Joe Hand argues that "this is an immaterial issue and not an affirmative defense." (Doc. # 18 at 8). Joe Hand further acknowledges that it "is alleging two [statutory] counts in its complaint" and

6

"recognizes that Defendants can be liable for only one of these statutes. Plaintiff pled this matter in the alternative because it cannot determine the manner in which Defendants intercepted the program." Id. at 8-9.

Fifth, Defendants assert "estoppel" as an affirmative defense. (Doc. # 9 at 4). Defendants argue that "Count[s] I and II of Plaintiff's claim are barred even it if is determined that the broadcast of boxing programming was unauthorized because Plaintiff is estopped due to the conduct of its agent. Plaintiff's agent, DIRECTV, Inc., purported to have the authority to sell the commercial rights of the broadcast to JAC-SAM, who paid DIRECTV to obtain rights to receive the broadcast." Id. at 4-5. Joe Hand argues that this defense is immaterial because 47 U.S.C. §§ 553 and 605 are strict liability statutes. (Doc. # 18 at 9). Additionally, Joe Hand claims that DIRECTV "is not Plaintiff's Agent." Id.

As a sixth affirmative defense, Defendants claim that, in the event it is determined that Defendants' actions violated the relevant statutes, Defendants are "innocent violator[s] . . . because they believed JAC-SAM, Inc. had contracted with DIRECTV, Inc., an authorized agent of Plaintiff, to show the boxing programming and paid for the

7

broadcast." (Doc. # 9 at 5). Joe Hand argues that this affirmative defense should be stricken for its redundancy, as it is nearly the same as Defendants' fifth affirmative defense. (Doc. # 18 at 10-11).

Seventh, Defendants assert that, in the event it is determined that Defendants' actions violated the relevant statutes, "Plaintiff is not entitled to enhanced damages [as provided by statute] because [Defendants] believed JAC-SAM contracted with DIRECTV, an authorized agent for Plaintiff . . . and therefore did not willfully violate the statute for private financial gain." (Doc. # 9 at 5). Joe Hand argues that Defendants have repeatedly stated that their actions were not willful, and therefore that this affirmative defense should be stricken for redundancy. (Doc. # 18 at 11).

Defendants assert as an eighth affirmative defense that, "in the event it is determined that the action of the Defendants violated the above stated civil statutes, Plaintiff is not entitled to damages under both statutes because double recovery is not permitted." (Doc. # 9 at 5). In the Motion to Strike, Joe Hand again explains that this affirmative defense should be stricken as "redundant and irrelevant" because, although Joe Hand alleges two

8

statutory counts in the complaint, Joe Hand recognizes that Defendants can be liable for only one of the two statutes. (Doc. # 18 at 11-12).

As their ninth affirmative defense, Defendants state that they are "entitled to costs and reasonable attorney's fees if [they] are determined to be the prevailing party pursuant to 47 U.S.C. [§§ 605 and 533]." (Doc. # 9 at 5-6). Joe Hand argues not only that "this is a request for attorney's fees and not an affirmative defense," but also that "this affirmative defense is clearly invalid as a matter of law," because the award of fees is appropriate only toward the prevailing "aggrieved" party -- meaning the party seeking relief under the relevant statutes. (Doc. # 18 at 12).

Defendants' tenth affirmative defense, closely resembling the first affirmative defense, claims that "Counts I and II . . . are barred against individual Defendants, because at all times they were acting on behalf of and for the benefit of Defendant JAC-SAM, INC., and therefore are not liable[.]" (Doc. # 9 at 6). Joe Hand requests that this affirmative defense be stricken for redundancy. (Doc. # 18 at 13).

As an eleventh affirmative defense, Defendants claim that "Plaintiff has failed to allege that it is authorized to do business in the state of Florida, which authorization is a prerequisite to Plaintiff's ability to proceed with this action." (Doc. # 9 at 6). Joe Hand responds in the Motion to Strike that "this is nothing more than a bare bones allegation and provides Plaintiff with no fair notice of the nature of the defense or the ground[s] upon which it rest[s]." (Doc. # 18 at 13). Additionally, Joe Hand argues that "this affirmative defense is immaterial because Plaintiff does not conduct business in Florida and is not within the meaning of the statute." Id.

Finally, in their twelfth affirmative defense, Defendants state that "Plaintiff's action is entirely frivolous as there is no factual basis to support same and Plaintiff has no reasonable good faith basis to support any such belief." (Doc. # 9 at 6). Joe Hand characterizes this "defense" as "redundant, immaterial, and impertinent." (Doc. # 18 at 14).

## IV. Conclusion

Defendants, who are represented by counsel, had ample opportunity to file a response in opposition to the Motion to Strike but declined to do so. Accordingly, and upon due

consideration, the Court grants the Motion to Strike as an unopposed Motion. The Court declines to grant Plaintiff's request for attorney's fees incurred in connection with this Motion.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff's Motion to Strike Defendants' Affirmative Defenses (Doc. # 18) is **GRANTED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 20th day of February, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record